**NOT FOR PUBLICATION**

JUN 13 2017

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MELVIN KORNBERG, | No. 16-15464 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-01961-JAD-PAL |
| v. | |
| UNITED STATES OF AMERICA; DEPARTMENT OF VETERANS AFFAIRS, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted June 9, 2017[**]
Pasadena, California

Before: GRABER and MURGUIA, Circuit Judges, and DAVILA,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Edward J. Davila, United States District Judge for the Northern District of California, sitting by designation.

Plaintiff Melvin Kornberg appeals from the district court's judgment in favor of Defendant, the United States of America, following a bench trial. Plaintiff underwent a left-ear stapedectomy in February 2009 in an attempt to improve his hearing. Plaintiff's left chorda tympani nerve was damaged during the procedure, leading to a partial loss of his sense of taste. Plaintiff claims that he was not given sufficient information about the risks of the stapedectomy to allow him to give informed consent to the operation. Because the stapedectomy was performed by doctors acting within the scope of their employment with the United States, Plaintiff sues the United States under the Federal Tort Claims Act. 28 U.S.C. §§ 1346(b)(1), 2674.

1. Plaintiff first argues that the district court erred by admitting evidence of the regular practices and routines of two of the doctors who treated Plaintiff and of the medical center at which Plaintiff received treatment. The district court reasoned that the habit-and-routine evidence tended to show that the doctors and the medical center had provided sufficient information to Plaintiff. The court noted that it was considering the evidence "under [Rule] 406" of the Federal Rules of Evidence, which allows the admission of "[e]vidence of a person's habit or an organization's routine practice . . . to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice." Plaintiff

did not object to the admission of this evidence at trial, so we review for plain error. Bird v. Glacier Elec. Coop., Inc., 255 F.3d 1136, 1144–45 (9th Cir. 2001). We find no plain error. The doctors testified that it was their regular practice to go over the risks of surgery with patients at preoperative visits, and Plaintiff had such a visit with the doctors four days before his surgery. One of the doctors testified that she performed approximately 40 stapedectomies during her six years of residency, and that in each preoperative visit with a stapedectomy patient she "absolutely" went over the risk of damage to the chorda tympani nerve. The doctors' testimony concerning their typical practices was the type of testimony that can be admitted under Rule 406. Karme v. Comm'r, 673 F.2d 1062, 1064 (9th Cir. 1982).

2. Plaintiff next argues that the district court erred in concluding that Plaintiff gave informed consent to the surgery. "The law is clear in California that the existence of informed consent is an issue of fact . . . ." Quintanilla v. Dunkelman, 34 Cal. Rptr. 3d 557, 572 (Ct. App. 2005). Accordingly, we review the district court's conclusion that Plaintiff gave informed consent for clear error. FDIC v. Craft, 157 F.3d 697, 701 (9th Cir. 1998) (per curiam). The district court did not clearly err in finding that Plaintiff was informed of the risks of the stapedectomy—including the risk that his left chorda tympani nerve might be

3

damaged—in a way that allowed him to make an "intelligent choice" about whether to undergo the procedure. <u>Arato v. Avedon</u>, 858 P.2d 598, 606–07 (Cal. 1993) (internal quotation marks omitted). The district court permissibly found that much of Plaintiff's testimony was not credible and that the doctors' testimony was credible. In view of those determinations and the routine-and-habit evidence, the district court reasonably concluded that Plaintiff gave informed consent.

3. Because we hold that the district court did not err in finding that Plaintiff gave informed consent, we need not address the issue of causation.

**AFFIRMED.**